Wells Fargo Bank v Wasersztrom (2024 NY Slip Op 06231)

Wells Fargo Bank v Wasersztrom

2024 NY Slip Op 06231

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08447
 (Index No. 5112/11)

[*1]Wells Fargo Bank, appellant, 
v
Teresa Wasersztrom, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Schuyler B. Kraus of counsel), for appellant.
Mobilization for Justice, Inc., New York, NY (Joseph Rebella and McKenzie Lew of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated December 24, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were, in effect, to vacate a conditional order of dismissal of the same court (Lawrence Knipel, J.) dated February 9, 2017, and to restore the action to the active calendar.
ORDERED that the order dated December 24, 2019, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were, in effect, to vacate the conditional order of dismissal dated February 9, 2017, and to restore the action to the active calendar are granted.
In March 2011, the plaintiff commenced this action against Felipe Wasersztrom (hereinafter the decedent), among others, to foreclose a mortgage on certain residential property located in Brooklyn. The decedent interposed an answer to the complaint. In an order dated February 9, 2017 (hereinafter the conditional dismissal order), the Supreme Court directed dismissal of the complaint pursuant to CPLR 3216, "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." The plaintiff moved, inter alia, in effect, to vacate the conditional dismissal order and to restore the action to the active calendar. The decedent opposed the motion. In an order dated December 24, 2019, the court, among other things, denied those branches of the plaintiff's motion. During the pendency of the action, the decedent died, and Teresa Wasersztrom, as administrator of his estate, was substituted for the decedent. The plaintiff appeals.
The Supreme Court should have granted those branches of the plaintiff's motion which were, in effect, to vacate the conditional dismissal order and to restore the action to the active calendar. "A motion pursuant to CPLR 2221(a) is not subject to any specific time limitation" (Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d 701, 702; see U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1644). "Where, as here, an order directing dismissal of a complaint is not appealable as of right because it did not decide a motion made on notice, it is procedurally proper for the aggrieved party to move pursuant to CPLR 2221(a) to vacate that order" (Deutsche Bank [*2]Natl. Trust Co. v Campbell, 219 AD3d at 702).
"'CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with'" (OneWest Bank, FSB v Segal, 221 AD3d 1020, 1022, quoting Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749; see CPLR 3216). Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) "'unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (OneWest Bank, FSB v Segal, 221 AD3d at 1022, quoting Cadichon v Facelle, 18 NY3d 230, 235 [internal quotation marks omitted]; see CPLR 3216[b]).
Here, the conditional dismissal order did not contain the requisite language advising that the failure to file a note of issue would be the basis for a motion to dismiss (see OneWest Bank, FSB v Segal, 221 AD3d at 1022; Bank of Am., N.A. v Ali, 202 AD3d 726, 727; U.S. Bank N.A. v Spence, 175 AD3d 1346, 1348). Under these circumstances, the action should have been restored to the active calendar without considering whether the plaintiff had a reasonable excuse for its delay in moving to vacate the conditional dismissal order (see Cadichon v Facelle, 18 NY3d 230; OneWest Bank, FSB v Segal, 221 AD3d at 1023).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were, in effect, to vacate the conditional dismissal order and to restore the action to the active calendar.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court